UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yvonne Nelson; D. Nelson; D. Nelson, <br><br> Plaintiffs, <br><br> vs. <br><br> AVX Corporation, <br><br> Defendant. | C/A No. 4:11-01598-RBH-TER <br><br><br><br> Report and Recommendation |

Plaintiff, Yvonne Nelson (Plaintiff), proceeding *pro se*, brings this action alleging employment discrimination on behalf of herself and her two minor children. Plaintiff indicates that her former employer, AVX, subjected her to "job discrimination" due to an unspecified disability. ECF No. 1, page 4. Plaintiff claims that she was "drugged with a controlled substance," resulting in mental illness and severe depression. *Id.* The discrimination, which started with AVX, was allegedly continued by other employers.[1] *Id.* Plaintiff seeks lost wages and monetary damages. *Id.* at 5. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

---

[1] Plaintiff discusses Sam's Clubs' refusal to accommodate her disability, and references her prior case against this employer. ECF No. 1, page 3. *See also Yvonne Nelson, et al. v. Sam's Club*, Civil Action No. 4:10-03020-RBH (D.S.C.). Plaintiff also references a pending civil action alleging discrimination against numerous governmental entities. ECF No. 1, page 3. *See also Yvonne Nelson, et al. v. City of Conway Department of Social Services, et al.*, Civil Action No. 4:10-03119-RBH (D.S.C.).

1

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

As an initial matter, it is noted that Plaintiff Yvonne Nelson is bringing the instant employment discrimination claim on behalf of herself and her two minor children, D. Nelson and D. Nelson. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend the right of self representation to directing the litigation of others. *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir.2005) ("The right to litigate for *oneself*, however, does not create a coordinate right to litigate for others." ) (emphasis in original). This principle is extended to litigation by parents on behalf of their minor children. The law is well established that "non-attorney parents generally may not litigate the claims of their minor children in federal court ." *Myers*, 418 F.3d at 401 (collecting cases). The prohibition of *pro se* parents litigating on behalf of their minor children "ensures the children's interests are not prejudiced

2

by their well-meaning, but legally untrained parents." *Id.* Plaintiff has not retained legal counsel for her minor children. As Plaintiff may not proceed on behalf of D. Nelson and D. Nelson, these two Plaintiffs should be dismissed as a parties to this lawsuit.

Next, Plaintiff alleges that Defendant AVX Corporation subjected her to "job discrimination." Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, *et seq.*, creates a federal cause of action for employment discrimination. *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis*, 48 F.3d. at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.* Thus, a Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999).[2]

The instant Complaint did not allege that Plaintiff had received, or was entitled to, a right-to-sue letter. Further, in her answers to the Court's Special Interrogatories, Plaintiff indicates that she has not received a right-to-sue letter. ECF No. 14. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d. at 140. Where the complaint does not allege that the

---

[2] To the extent Plaintiff may be claiming discrimination due to a disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101-12213, such a claim must also be administratively exhausted prior to filing an action in the district court. *See* 42 U.S.C. § 12117(a). *See also Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999).

3

plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Id*. (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)).  The Fourth Circuit Court of Appeals recently stated that "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.  *Jones v Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)(citing *Davis*, 48 F.3d. at 138-40);  *Middleton v. Motley Rice, LLC*, Civil Action No. 2:08-3256-CWH, 2010 WL 3167360 at *5 n. 8 (D.S.C. Aug. 9, 2010).  Therefore, this Court is precluded from hearing this case as the Court cannot exercise jurisdiction over Plaintiff's claim.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice.  Plaintiff's attention is directed to the important notice on the next page.

  s/Thomas E. Rogers, III  
August 12, 2011                                         Thomas E. Rogers, III.  
Florence, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).