IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yvonne Nelson, | ) | Civil Action No.: 4:11-cv-01598-RBH |
| D. Nelson, | ) | |
| D. Nelson, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AVX Corporation, | ) | |
| | ) | |
|     Defendant. | ) | |

Plaintiff, proceeding *pro se*, brought this action alleging employment discrimination on behalf of herself and her two minor children. In the [Docket Entry 1] Complaint, Plaintiff alleges that her former employer, AVX Corporation, subjected her to "job discrimination" due to an unspecified disability. Compl. at 4. Plaintiff claims that she was "drugged with a controlled substance," ultimately resulting in "mental illness and severe depression." *Id.* Plaintiff contends that the discrimination, which started with AVX, was continued by her other employers. *See id.* at 3-4. For relief, Plaintiff seeks lost wages and money damages. *Id.* at 5.

This matter is now before the court with the [Docket Entry 20] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on August 12, 2011. In his R & R, the Magistrate Judge recommended that the court should summarily dismiss Plaintiff's Complaint. *See* R & R at 1. Plaintiff timely filed objections to the R & R. *See* Obj. [Docket Entry 24]. Also, on August 15, 2011, Plaintiff filed a motion seeking certain injunctive relief, among other requests. *See* Motion for Injunction [Docket Entry 23].

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636 and Local Rule 73.02, D.S.C.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.  R & R and Objections

As an initial matter, the Magistrate Judge found in the R & R that Plaintiff's two children should be dismissed as parties, because "Plaintiff may not proceed on [their] behalf," and "Plaintiff has not retained legal counsel" to represent them. R & R at 3. In her Objections, Plaintiff, who is proceeding *pro se*, repeatedly maintains that she has the right to represent her children in this matter. *See* Obj. at 7-8, 13, 17. However, this objection is without merit. The Fourth Circuit has expressly held that "non-attorney parents generally may not litigate the claims of their minor children in federal

2

court." *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005). While Petitioner "unquestionably has the right to litigate [her] *own* claims in federal court," that "right to litigate for *oneself*, . . . does not create a coordinate right to litigate for *others*." *Id.* at 400. This rule against *pro se* parents litigating on behalf of their minor children ensures that "the children's interests are not prejudiced by their well-meaning, but legally untrained parents." *Id.* at 401. Accordingly, the undersigned agrees with the Magistrate Judge that plaintiffs, D. Nelson and D. Nelson, should be dismissed from this action as Plaintiff, who is proceeding *pro se*, is prohibited from representing them.

Moreover, the undersigned concludes, as did the Magistrate Judge, that the court is precluded from hearing Plaintiff's claim of "job discrimination." "Title VII of the Civil Rights Act of 1964[, 42 U.S.C. § 2000e *et seq.*,] creates a federal cause of action for employment discrimination." *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 136-37 (4th Cir. 1995). However, "[b]efore a Title VII plaintiff can bring a formal suit, he must file an administrative charge with the Equal Employment Opportunity Commission (EEOC)." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). Furthermore, "[b]efore a federal court may assume jurisdiction over a claim under Title VII," a plaintiff must exhaust the EEOC administrative process and must obtain a right-to-sue letter. *Davis*, 48 F.3d at 137-38. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Id.* at 140. "[F]ailure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Here, as the Magistrate Judge accurately noted in his R & R, Plaintiff did not allege in her

Complaint that she had received, or was even entitled to, a right-to-sue letter. While Plaintiff now contends in her Objections that she "do[es] have documentation that was sent to [her] (from Human Affairs),"[2] Plaintiff has not provided the court with any such documentation, nor does she indicate that the documentation is a right-to-sue letter. Furthermore, when answering "under penalty of perjury" the special interrogatories sent to her by the court, Plaintiff specifically indicated that she had not received a right-to-sue letter. *See* Answer to Interr. [Docket Entry 14] at 1. Accordingly, the court concludes that it should be precluded from hearing this case due to Plaintiff's failure to show her receipt of, or entitlement to, a right-to-sue letter.

Plaintiff makes various other arguments regarding exhaustion in her Objections. First, Plaintiff contends that "[t]he American with Disability Act does not require[] that administrative remedies be exhausted." Obj. at 6. This argument was specifically addressed by the Magistrate Judge and is without merit. *See* R & R at 3 n.2. Claims brought under the American with Disabilities Act (ADA) must be administratively exhausted in the same manner as those claims brought under Title VII prior to filing an action in federal court. *See* 42 U.S.C. § 12117(a); *see also Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999) ("Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC. . . . Upon [receipt of] a right to sue letter, the aggrieved party [then] has 90 days to file suit." (internal citations omitted)). Second, Plaintiff appears to contend that she did exhaust her administrative remedies based on the fact she "had exceeded the amount of days to file with the Human Affairs." Obj. at 6. However, to the extent that Plaintiff is asserting that her claims should be considered exhausted because her time for filing a charge with the EEOC has expired, the court notes that "[f]ailure to timely file an EEOC Charge

---

[2] Obj. at 6.

bars the plaintiff's claim[s] in federal court." *Alexander v. City of Greensboro*, __ F. Supp. 2d ____, 2011 WL 2730707, at *7 (M.D.N.C. July 13, 2011) (citing *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994)). Accordingly, the court overrules Plaintiff's objections and finds that it is precluded from hearing this matter due to Plaintiff's failure to administratively exhaust her claims.

II.     Plaintiff's Motion for Injunctive Relief

In her Motion for Injunctive Relief, which was filed after the Magistrate Judge issued his R & R, Plaintiff seeks the following: (1) to substitute a different judge for Magistrate Judge Rogers, (2) an order granting Plaintiff "state benefits" during the pendency of this action,[3] and (3) an order to seal the instant action. *See* Motion for Injunction at 1. For the reasons set out below, Plaintiff's Motion is denied.

First, Magistrate Judge Rogers has already completed his R & R in this matter, in which he recommends summary dismissal. In addition, the undersigned has reviewed the R & R and Plaintiff's Objections, and concludes that this action should be summarily dismissed for the reasons stated above in this Order. Accordingly, because this Order ultimately dismisses Plaintiff's action, the court denies as moot Plaintiff's request to substitute a judge in this action for Magistrate Judge Rogers.

Second, the court denies for similar reasons Plaintiff's request that the court grant her "state benefits" *during the pendency of this action*. As an initial matter, the court notes that Plaintiff's Complaint does not appear to seek any "state benefits," but rather asserts claims of "job

---

[3] Specifically, Plaintiff's Motion requests "an immediate order of preliminary injunction for total state benefits *until the end of trial*." Motion for Injunction at 1 (emphasis added).

discrimination" against her former employer, AVX Corporation, and seeks for relief lost wages and damages. *See* Compl. at 1, 5.  Regardless, because this Order ultimately dismisses the instant action, any request for benefits during the *pendency* of this action should be denied.[4]

Finally, Plaintiff's request to seal this entire case should be denied as she has failed to satisfy the requirements for sealing documents enumerated in Local Rule 5.03, D.S.C.  Further, Plaintiff has failed to establish that sealing is appropriate under *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), and *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984), as sealing this entire case would infringe too extensively on the public right to access court records.

## Conclusion

The court has thoroughly reviewed the entire record, including the R & R and Objections, and applicable law.  The court has conducted the required review of all of Plaintiff's Objections and finds that they are without merit.  For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's Objections and adopts and incorporates by reference the Magistrate Judge's R & R.  Accordingly, Plaintiff's Complaint in the above-captioned case is **DISMISSED** *without prejudice*.  In addition, Plaintiff's Motion for Injunctive Relief is also **DENIED**.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
October 14, 2011

---

[4] Additionally, Plaintiff also has failed to show that she should be entitled to her requested relief under the factors set out in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).